# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASACHUSETTS

COMMONWEALTH OF
MASSACHUSETTS, et al.,

               Plaintiffs,

   v.

NATIONAL INSTITUTES OF
HEALTH, et al.,

             Defendants
.

**CASE NO: 1:25-cv-10338-AK**

### [PROPOSED] BRIEF OF AMICI CURIAE
### "The people" Cody R. Hart and Derrill J. Fussell
### IN OPPOSITION TO PLAINTIFF STATE OF WASHINGTON
### APPEARANCE AND MOTIONING

1

## TABLE OF CONTENTS

2    STATEMENT OF INTEREST............................................................................1

3    ARGUMENT............................................................................................2

4        I.     STATE OF WASHINGTON APPEARANCE AND MOTIONING

             IN THIS CASE VIOLATES STATE LAW......................................2

5

6        II.    STATE OF WASHINGTON IS IN A CONSTITUTIONAL CRISIS.............4

7        III.   THE COURT HAS A DUTY TO CONFRONT

             ATTORNEY MISCONDUCT...........................................................7

8

9    CONCLUSION.........................................................................................8

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

BRIEF OF *AMICI CURIAE*           ii
"The people" Cody Hart and Derrill Fussell
1:25-cv-10338-AK

# TABLE OF AUTHORITIES

**Cases**

Bond v. United States, 564 U.S. 211, 220 (2011)...............................................1

Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998 ...............1

Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992...............................1

State ex rel. McAulay v. Reeves, 196 Wash. 1, 10 (1938)...................................2

Norton v. Shelby County, 118 U.S. 425, 442 (1886).........................................2

City of DuPont v. Washington State Patrol, 196 Wash. App. 486, 493 (2016)...........2

State v. Miller, 32 Wn.2d 149, 201 P.2d 136 (1948)........................................5

State ex rel. Zempel v. Twitchell, 367 P.2d 985 (Wash. 1962)............................6

Tacoma v. O'Brien, 85 Wn.2d 266 (1975)..................................................6

Lone Wolf v. Hitchcock, 187 U.S. 553 (1903)..............................................7

Marbury v. Madison, 5 U.S. 137 (1803),...................................................7

Kevlik v. Goldstein, 724 F.2d 844, 847 (1st Cir. 1984)....................................7

Bushkin Associates, Inc., 864 F.2d 241, 246 (1st Cir. 1989)..............................7

**Statutes**

RCW 42.04.020..........................................................................1

RCW 42.20.080..........................................................................5

RCW 43.10.060..........................................................................3

RCW 43.10.115..........................................................................3

RCW 43.10.020..........................................................................3

22 U.S.C. § 611 ..........................................................................3

22 U.S.C. § 612..........................................................................3

**Constitutional Provisions**

Const. State of Washington Article I Section 1.............................................1

U.S. Const. amend. XIV, § 1 .............................................................4

Const. of the State of Washington Article V, Section 2....................................6

Const. of the State of Washington Article V, Section 1....................................7

## INTEREST AND IDENTITY OF AMICI CURIAE

Amici, the people Cody R. Hart and Derrill J. Fussell, are Americans who reside in the County of Skagit, State of Washington, and have rights protected by laws of the State of Washington and United States, the Constitution of the State of Washington, and Constitution of the United States. Amici write in strong opposition to the Plaintiff State of Washington appearance and motioning in this case because Amici believe State of Washington purported public officials who have appeared in this case and claim to be representing the people, are not duly qualified, lack authority, and as a result, this Court lacks jurisdiction.

The Supreme Court has established that private citizens, such as Amici, have standing to challenge government actions that exceed constitutional authority, particularly when those actions affect state sovereignty. Bond v. United States, 564 U.S. 211, 220 (2011). Before proceeding to any substantive matters, this Court must first satisfy itself that proper jurisdiction exists. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998). As the Supreme Court articulated in Lujan v. Defenders of Wildlife, federal courts must rigorously enforce the jurisdictional requirements that limit their power. 504 U.S. 555, 559-60 (1992).

Amici's experience in confronting unqualified Public Officials, and as a result unauthorized officials, in the State of Washington has been pivotal in defending the rights of Americans who reside in Washington State, has exposed hundreds of millions of dollars of misuse of local, state, and federal funds, and has, likely as in this matter, exposed intruders into public office who attack Americans by attempting to use political Powers they are not granted to perverse and mock the Rule of Law, against the will of the people.

Since the enactment of the Constitution of the State of Washington, it has been well understood that "All political power is inherent in the people, and governments derive their just powers from the consent of the governed, and are established to protect and maintain individual rights." (Const. State of Washington Article I Section 1). Unfortunately, likely in this matter, as in many others the Amici have identified, there are those who appear to be ignoring the prerequisites to gain the consent of the governed and act without Authority.

While there are many interests in this dispute, the Amici have an interest as two of "the people" who reside in the State of Washington, in Justice, protecting tax funds, and for the Court to consider that State of Washington Public officials who have appeared in this case are alleged not to be qualified, lack lawful authority, the Court likely lacks jurisdiction, that actions taken without proper authority are void from the beginning and cannot be legitimized, and if this case proceeds without addressing these concerns, a great injustice will occur.

## ARGUMENT

### I. STATE OF WASHINGTON APPEARANCE AND MOTIONING IN THIS CASE VIOLATES STATE LAW AND LACKS AUTHORITY

On or about, February 10, 2025 a Complaint was filed by Plaintiffs' against Defendants' with the Court allegedly on behalf of the State of Washington by Assistant Attorney General SPENCER W. COATES that also identified ELLEN RANGE in the controversy before the Court as State of Washington Assistant Attorneys General.

Washington law establishes strict requirements for public official qualification. RCW 42.04.020 mandates that "[e]very office, position or employment where the state's or county's business is transacted shall be filled by a citizen of the United States, who is duly qualified." The Washington Supreme Court has consistently interpreted these requirements strictly, holding that official authority cannot be exercised without proper qualification. State ex rel. McAulay v. Reeves, 196 Wash. 1, 10 (1938). Importantly, the Supreme Court has established that acts of officials without proper authority are void ab initio - void from the beginning - and cannot be legitimized through subsequent ratification. Norton v. Shelby County, 118 U.S. 425, 442 (1886). The Washington Court of Appeals has further emphasized that delegated authority must strictly comply with statutory requirements. City of DuPont v. Washington State Patrol, 196 Wash. App. 486, 493 (2016).

According to Washington State Secretary of State public records found in Exhibits 1 and 2, indicate that on January 14, 2021 and again on January 14, 2025 the current Official Bond and Official Position Schedule for State of Washington Public officials, referenced in public records

as Hartford Fire Insurance Company Policy# 52BSBDH7388 and Bond No. 5060380 was certified by the surety. Notably, Hartford Fire Insurance Company Policy# 52BSBDH7388 and Bond No. 5060380 clearly indicates that the "Employer" is the "State of Washington" and that: *"The Employer undertakes and agrees to furnish the Surety on each Premium anniversary date hereof a statement specifying the number of positions to be covered, the number of persons occupying each position, and the amount of coverage required for each position".*

Also, according to Hartford Fire Insurance Company Policy# 52BSBDH7388 and Bond No. 5060380 indicates that; *"The Employer shall keep, or cause to be kept, an accurate record of any and all new positions created and of any and all additional positions added to said schedule bearing the same designation of any named herein, showing the name of the occupant, the date of employment in said position and the period of incumbency,....".*

According to RCW 43.10.060; *"The attorney general may appoint necessary assistants who shall have the power to perform any act which the attorney general is authorized by law to perform...."*

According to Washington State law RCW 43.10.010; *"...Before entering upon the duties of his or her office, any person elected or appointed attorney general shall take, subscribe, and file the oath of office as required by law; take, subscribe, and file with the secretary of state an oath to comply with the provisions of RCW 43.10.115; and execute and file with the secretary of state, a bond to the state, in the sum of five thousand dollars, with sureties to be approved by the governor, conditioned for the faithful performance of his or her duties and the paying over of all moneys, as provided by law."*

According to Washington State Law RCW 43.10.020; *"...The oath or affirmation shall be administered by one of the justices of the Supreme Court at the capitol. A certificate shall be affixed thereto by the person administering the oath, and the oath or affirmation so certified shall be filed in the office of the secretary of state before the officer shall be qualified to discharge any official duties.".*

Understandably concerning to the Amici, according to public records personally examined by the Amici there cannot been found a public record of an Official Bond on file or any position of Assistant Attorney General with the Office of Secretary of State for Assistant Attorneys General who have filed documents in this case as Assistant Attorney General or for any other position of trust for State of Washington.

Additionally concerning, according to public records personally examined by the Amici there there cannot be found a public record of an Oath of Office on file with the Office of Secretary of State for Assistant Attorneys Generals (see Exhibit 3) who have filed documents in this case as Assistant Attorney General or for any other position of trust for State of Washington

Furthermore, Amici have been unable to find public record evidence of FARA compliance for these same Assistant Attorneys as required by 22 U.S.C. § 611 and 22 U.S.C. § 612.

Despite lacking prima facia evidence of lawful authority, Assistant Attorneys General who have acted in an official capacity for the State of Washington in this dispute, including stating to be a state official and using tax funds, likely violating of the due process rights of Defendants'.

## II.    STATE OF WASHINGTON IS IN A CONSTITUTIONAL CRISIS

On or about, February 10, 2025 a Complaint was filed by Plaintiffs' against Defendants' with the U.S. District Court in the controversy before the Court stating the party, State of Washington, "....is a sovereign state in the United States of America. Washington is represented by Attorney General Nicholas W. Brown.",

Amici bring to the Court attention that as of January 2025, and likely before, as a result of the State of Washington House of Representatives abandoning mandated State of Washington Constitutional duties, there is an ongoing Constitutional Crisis in Washington State concealed from the United States of America and that Amici, along with millions of Americans who reside in the State of Washington, are of same belief.  As a result of this loss of authority, Amici believe it is likely the Court has no jurisdiction to rule on any complaints brought on behalf of the State of Washington against Defendants', such as the dispute now before the Court, and provides the facts described herein to better understand the Constitutional Crisis and lack of Jurisdiction.

On September 21, 2021, Robert Watson Ferguson, Attorney General of the State of Washington was adjudged by the Thurston County Superior Court to have committed Malfeasance in Office through violations of his statutory duties, (See Exhibit 4), that has resulted in the loss or misuse of federal funds likely in great excess of one hundred millions dollars.

As the Court is likely aware, Malfeasance in office, as defined by Black's Law Dictionary (11th ed. 2019), constitutes "a wrongful, unlawful, or corrupt act, especially wrongdoing or misconduct by a public official; esp., the doing of an act that is wholly wrongful and unlawful." See also State v. Miller, 32 Wn.2d 149, 201 P.2d 136 (1948) (defining malfeasance as "evil doing, ill conduct, the commission of some act which is positively unlawful").

The Washington State Legislature codified in RCW 42.20.080 that "willful and corrupt misconduct in office" constitutes official malfeasance, which occurs when a public officer knowingly commits an act in their official capacity which by law they are forbidden to perform. Specifically, as adjudged by the Thurston County Superior Court on September 21, 2021, As a result, Ferguson committed malfeasance by violating his statutory duties through unlawful interpretation and enforcement of RCW Chapter 18.43. Notably, the Court entered judgement that "the Board's and **Attorney General's** enforcement policy and de facto rule regarding the unlicensed use of the title "Engineer" is **unlawful** and inconsistent with the plain text of the Act,…". This deliberate departure from proper statutory interpretation to an unlawful one constitutes the precise type of willful misconduct contemplated by the malfeasance statutes.

In July 2024 and January 2025, a petition for impeachment inquiry of Ferguson was submitted to the Washington State Legislature (See Exhibit 5). Inexplicably, the Washington State Legislature has failed to conduct the Constitutionally mandated vote on the Ferguson impeachment inquiry petition, likely to conceal the extent of damage resulting from Fergusons misconduct and misuse of federal funds in violation of agreements with the United States of America.

On January 15, 2025, despite the prior judicial finding of malfeasance and in violation of state law, Ferguson allegedly assumed the office of Governor of Washington State.

Notably, RCW 9.92.120 explicitly mandates that a finding of malfeasance in office "shall entail... the forfeiture of his or her office, and shall disqualify him or her from ever afterward holding any public office in this state." The Washington Supreme Court has established in State ex rel. Zempel v. Twitchell, 367 P.2d 985 (Wash. 1962) that when an official is found to have committed malfeasance in office, such a finding carries the force of law and creates an immediate forfeiture of office that is not stayed by appeal.

Also, as held in State ex rel. Carroll v. Simmons, 61 Wn.2d 146, 377 P.2d 421 (1962), malfeasance in office represents "such a breach of duty as amounts to misconduct and wrong-doing in the performance of the duties of the office."

Article VI, Clause 3 of the United States Constitution requires all state officers to be bound by oath to support the Constitution, implicitly requiring faithfulness to the law.

The Washington State Constitution represents a contract between the government and the people of Washington State. See Wash. State Farm Bureau Fed'n v. Gregoire, 162 Wn.2d 284, 174 P.3d 1142 (2007) (discussing the constitutional compact between the people and their government).

Pursuant to Constitution of the State of Washington Article V, Section 2, *"The governor and other state and judicial officers, except judges and justices of courts not of record, **shall be liable to impeachment for high crimes or misdemeanors, or malfeasance** in office, ... "*.

The Washington Supreme Court in City of Tacoma v. O'Brien, 85 Wn.2d 266 (1975) reinforced that legislative duties mandated by the constitution are not discretionary but absolute requirements that must be fulfilled to maintain proper governmental function.

The Legislature's failure to hold Ferguson liable for impeachment, vote on the impeachment inquiry petition, as constitutionally mandated, constitutes a material breach of this contract and supports the Amici's claims of an ongoing Constitutional crisis.

The Washington State Constitution, Article V, Section 1, establishes the fundamental structure of executive authority, which flows only from proper constitutional succession and legitimate holding of office, supporting Amici's position that there is a current lack of Authority.

The Ninth Circuit in Lone Wolf v. Hitchcock, 187 U.S. 553 (1903) established that when a government entity breaches its fundamental contract with the people, its authority to act under that contract becomes void. Also, the U.S. Supreme Court in Marbury v. Madison, 5 U.S. 137 (1803), established that an act of the legislature repugnant to the constitution is void, and courts, as well as other departments, are bound by that instrument. The Washington Legislature's failure to fulfill its constitutional duty to vote on impeachment renders their inaction void and ***creates a constitutional crisis***.

As a result of the foregoing, Amici believe the State of Washington is in a Constitutional Crisis, the State of Washington has lost Authority to bring this matter against the Defendants', and the Court has no jurisdiction.

## III.    THE COURT HAS A DUTY TO CONFRONT ATTORNEY MISCONDUCT

It is well-settled that courts have the authority to control the conduct of attorneys appearing in matters before it, including the authority to disqualify attorneys who appear before it when circumstances so warrant. *Kevlik v. Goldstein*, 724 F.2d 844, 847 (1st Cir. 1984). This authority arises from the courts' responsibility "to protect the integrity of the judicial process, enforce its rules against transgressors, and maintain public confidence in the legal profession." *In re Bushkin Associates, Inc.*, 864 F.2d 241, 246 (1st Cir. 1989) (citing *United States v. Agosto*, 675 F.2d 965, 969 (8th Cir.)). *But cf. Adoption of Erica*, 426 Mass. 55, 58 (1997). In exercising this authority, the Court applies state law to motions to disqualify counsel, including the Rules of Professional Conduct (hereinafter the "RPC").

RPC 8.4 Comment 5 is also especially relevant to the Court since the claims involve official acts of an Attorney in a public office in this case and in the presence of the Court.

> *RPC 8.4 [Comment 5] Lawyers holding public office assume legal responsibilities going beyond those of other citizens. A lawyer's abuse of public office can suggest an inability to fulfill the professional role of lawyers. The same is true of abuse of positions of private trust such as trustee, executor, administrator, guardian, agent and officer, director or manager of a corporation or other organization*
> *RPC 8.4 [Comment 5]*

Stated simply, RPC 8.4 provides that an Attorney should not take on a client or an appointment, such as a State of Washington Assistant Attorney General in this case, that damages the integrity of the judicial process or reflects a disregard for the rule of law

## CONCLUSION

For the foregoing reasons, as well as reasons the Defendants' provide, in the interest of Justice the Court should deny any relief or grant any Orders in favor of the Plaintiffs', remove unqualified and unauthorized Assistant Attorneys General from this case, and strike all documents submitted by unqualified and unauthorized Assistant Attorneys General.

Dated this __12__ day February, 2025                    Respectfully submitted,


Cody R. Hart
901 Metcalf Street #71
Sedro-Woolley, WA [98284]
360-982-0928
info@codyhart.org


Derrill J. Fussell
929 E. College Way
Mount Vernon, WA [98273]
360-707-1815
squareshooter@earthlink.net

# EXHIBIT 1



**THE HARTFORD**



FILED

MAR 1 0 2021

SECRETARY OF STATE
STATE OF WASHINGTON

**Verification Certificate**

This is to certify that Bond No.                                    issued by the member company of The Hartford

subscribing this certificate, dated   January 14, 2021

in the amount of  Five Million Four Hundred Forty-Nine Thousand

                                        Dollars  $5,449,000.00

on behalf of  STATE OF WASHINGTON                                          , as Principal,

and in favor of    STATE OF WASHINGTON                                      , as Obligee,

covers an indefinite term which began on  January 14, 2021            , and ends with the cancellation of

said bond; that said bond is now in full force and effect and will continue in full force and effect until cancelled.

**ANNIVERSARY PREMIUM PERIOD:** January 14, 2021 - January 14, 2025

**Signed, Sealed, and Dated**  November 25, 2020

Attest or Witness  *Shelby Wiggins*
_____

Surety

Hartford Fire Insurance Company

By: _____   (Seal)

      Amy Jo Francis  , Attorney in fact



CC:

CC:

1030

# POWER OF ATTORNEY

**Direct Inquiries/Claims to:**
**THE HARTFORD**
BOND, T-11
One Hartford Plaza
Hartford, Connecticut 06155
Bond.Claims@thehartford.com
*call:* 888-266-3488 *or fax:* 860-757-5835

**KNOW ALL PERSONS BY THESE PRESENTS THAT:**

Agency Name: ALLIANT INSURANCE SERVICES INC
Agency Code: 52-812173

| | |
|---|---|
| [X] | **Hartford Fire Insurance Company**, a corporation duly organized under the laws of the State of Connecticut |
| [ ] | **Hartford Casualty Insurance Company**, a corporation duly organized under the laws of the State of Indiana |
| [ ] | **Hartford Accident and Indemnity Company**, a corporation duly organized under the laws of the State of Connecticut |
| [ ] | **Hartford Underwriters Insurance Company**, a corporation duly organized under the laws of the State of Connecticut |
| [ ] | **Twin City Fire Insurance Company**, a corporation duly organized under the laws of the State of Indiana |
| [ ] | **Hartford Insurance Company of Illinois**, a corporation duly organized under the laws of the State of Illinois |
| [ ] | **Hartford Insurance Company of the Midwest**, a corporation duly organized under the laws of the State of Indiana |
| [ ] | **Hartford Insurance Company of the Southeast**, a corporation duly organized under the laws of the State of Florida |

having their home office in Hartford, Connecticut (hereinafter collectively referred to as the "Companies") do hereby make, constitute and appoint
Amy Jo Francis
of Lake Mary, Florida,
its true and lawful Attorney-in-Fact, to sign its name as surety(ies) only as delineated above by , and to execute, seal and acknowledge the following bond, undertaking, contract or written instrument:
Bond No. 52BSBDH7388
Naming STATE OF WASHINGTON as Principal,
and STATE OF WASHINGTON as Obligee,
in the amount of See Bond Form(s) on behalf of Company in its business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

   **In Witness Whereof**, and as authorized by a Resolution of the Board of Directors of the Companies on May 23, 2016 the Companies have caused these presents to be signed by its Assistant Vice President and its corporate seals to be hereto affixed, duly attested by its Assistant Secretary.  Further, pursuant to Resolution of the Board of Directors of the Companies, the Companies hereby unambiguously affirm that they are and will be bound by any mechanically applied signatures applied to this Power of Attorney.



*Shelby Wiggins*

Shelby Wiggins, Assistant Secretary

*Joelle L. LaPierre*

Joelle L. LaPierre, Assistant Vice President

STATE OF FLORIDA
}  ss.  Lake Mary
COUNTY OF SEMINOLE

   On this 13th day of February, 2020, before me personally came Joelle LaPierre, to me known, who being by me duly sworn, did depose and say: that (s)he resides in Seminole County, State of Florida; that (s)he is the Assistant Vice President of the Companies, the corporations described in and which executed the above instrument; that (s)he knows the seals of the said corporations; that the seals affixed to the said instrument are such corporate seals; that they were so affixed by authority of the Boards of Directors of said corporations and that (s)he signed his/her name thereto by like authority.



*Jessica Ciccone*

Jessica Noelle Ciccone
My Commission #GG077453
Expires June 20, 2021

   I, the undersigned, Assistant Vice President of the Companies, DO HEREBY CERTIFY that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which is still in full force effective as of November 25, 2020.
   Signed and sealed in Lake Mary, Florida.



# FILED

MAR 1 0 2021

SECRETARY OF STATE
STATE OF WASHINGTON

    

*Keith Dozois*

Keith D. Dozois, Assistant Vice President

THE HARTFORD

BOND NO.  5060380

FAITHFUL PERFORMANCE POSITION SCHEDULE
WITH AUTOMATIC COVERAGE

THE HARTFORD ACCIDENT AND INDEMNITY COMPANY, of Hartford, Connecticut, (hereinafter called the Surety), binds itself to pay **The State of Washington** (hereinafter called the Employer), such pecuniary loss as the latter shall have sustained of money or other personal property (including that for which the Employer is responsible) through any FAILURE OF OFFICIAL DUTY, WHETHER OF OMISSION OR COMMISSION in the United States by any of the Employees occupying the positions now named in or hereafter added to the schedule attached hereto and which is hereby made a part of this bond. The coverage for each position begins on the date indicated in the schedule, acceptance notice or renewal list, as the case may be, and continues until terminated as hereinafter provided.

PROVIDED:

FIRST: That the Employer shall have the right to add:

a.  Additional positions of the same designation as any position named in the schedule or in any written acceptance of the Surety and such additional positions shall be added to the schedule as of the date of creation thereof, and in the amount set opposite the positions so named in said schedule or such acceptance notice. Said coverage shall continue automatically for a period of 90 days, but only after that period by written request of the Employer and the written acceptance of the Surety. Such coverage shall be null and void from the beginning unless the Surety is notified of such newly created positions within 90 days after the creation thereof.

If the Employer desires to increase or decrease the amount of coverage in respect to any position named in the schedule, or in any acceptance notice, he shall give written notice to the Surety of his desire in this respect. The Surety shall, if it elects so to do, increase said coverage accordingly by its written acceptance. Any decrease, however, shall be binding as of date specified by Employer.

b.  Any new position of a different designation from any position named in the schedule or in any written acceptance of the Surety and such positions may be automatically added to such schedule in any amount not exceeding Five Thousand ($5,000.00) Dollars from the date of creation thereof for a period of 90 days, but such coverage shall only be continued after the 90 day period at the written request of the Employer and the written acceptance thereof of the Surety. Such coverage shall be null and void from the beginning unless the Surety is notified of such newly created positions within 90 days after the creation thereof. If the Employer desires to add to the schedule in a greater amount than Five Thousand ($5,000.00) Dollars any new position of a different designation from that named in the schedule or in any written acceptance of the Surety, he shall give written notice to the Surety of his desire in this respect and the Surety shall, if it elects so to do, grant said addition to the schedule by its written acceptance.

SECOND: The Employer shall keep, or cause to be kept, an accurate record of any and all new positions created and of any and all additional positions added to said schedule bearing the same designation of any named herein, showing the name of the occupant, the date of employment in said position and the period of incumbency, if such period shall have been less than 90 day automatic coverage granted hereunder, and (when requested) the Employer shall furnish to the Surety, within the 90 day automatic coverage period, the Surety's application form completed and signed by said Employee.

# FILED

MAR 10 2021



SECRETARY OF STATE
STATE OF WASHINGTON

Hartford Fire Insurance Company
Hartford Accident and Indemnity Company
Hartford Casualty Insurance Company

New York Underwriters Insurance Company
Twin City Fire Insurance Company

Form S-3231-2  Printed in USA

THIRD: The Employer undertakes and agrees to furnish the Surety on each premium anniversary date hereof a statement specifying the number of positions to be covered, the number of persons occupying each position, and the amount of coverage required for each position.

FOURTH: The total liability of the Surety on account of any Employee, though he may have occupied more than one position, shall not exceed the largest amount of coverage on any one position occupied by him.

FIFTH: If a loss occurs hereunder through any Employee in excess of the coverage of Surety on such Employees, any recovery thereof by the Employer shall revert to the Employer for the loss sustained in excess of the amount of said Suretyship, the balance, if any, to be paid to the Surety; and like-wise, the amount of any recovery that may be made by the Surety except from reinsurance, other Suretyship, collateral, or third party indemnity, (less the expenses incurred by the Surety in making such recovery), shall revert to the Employer for the loss sustained in excess of the amount of said coverage, the balance, if any, belonging to the Surety.

SIXTH: This Bond shall terminate:

a. As to any Employee immediately upon the discovery of any default on his part, upon his death or retirement from the service of the Employer, or thirty days after the Employer receives written notice from the Surety that the latter desires so to terminate.

b. As to any position or as a whole upon the date the Surety receives written notice from the Employer of its desire so to terminate, or thirty days after the Employer receives written notice from the Surety that the latter desires so to terminate.

When bond is terminated as provided above, the Surety shall refund any unearned premium, but the premium received for Suretyship upon which a claim is paid shall be fully earned.

It is understood and agreed that the obligee shall have the right to add to the schedule any position inadvertently omitted, in which event coverage shall be effective as of, and premium payable from, the effective date hereof.

IN WITNESS WHEREOF, THE HARTFORD ACCIDENT AND INDEMNITY COMPANY, has caused this bond to be signed and its corporate seal to be affixed by its proper officer duly appointed for the purpose, this 14th day of January, 1985

FILED

MAR 1 0 2021

SECRETARY OF STATE
STATE OF WASHINGTON

HARTFORD ACCIDENT AND INDEMNITY COMPANY

By _____
Fred Jerome,                Attorney-in-fact

Page 2 of 2



FILED

MAR 1 0 2021

SECRETARY OF STATE
STATE OF WASHINGTON

 **THE HARTFORD**

Bond No.:  5060380
Premium:  $42,514.00 – 4 yrs.

**KNOW ALL MEN BY THESE PRESENTS,** that ....Hartford..Fire..Insurance..Company................................... , a corporation organized and existing under the laws of the State of Connecticut of...Hartford....................(hereinafter called the Company), in consideration of an agreed premium, is held and firmly bound unto the    State of Washington

(hereinafter called the Employer), in the respective penal sums of money appearing opposite the names of various officials and employees listed on the attached schedule, for which payment, well and truly to be made, the Company binds itself, its successors and assigns, firmly by these presents.

THE CONDITION OF THIS OBLIGATION IS SUCH THAT

WHEREAS the various officials and employees whose names appear upon the attached schedule have been duly elected or appointed to the respective offices in the    State of Washington

appearing opposite their names in said schedule.

NOW, THEREFORE, if each of the said officials and employees shall for the term beginning January 14, 1993 faithfully perform the duties of his said office as required by law, then this obligation shall be void; otherwise it shall remain in full force and effect.

PROVIDED, HOWEVER, that this undertaking is executed by the Company upon the following express conditions, which shall be conditions precedent to the right of recovery hereunder:

(1) The liability of the Company on account of any one official or employee shall not exceed the amount set opposite the official's or employee's name in said schedule. The Employer may, during the continuance of this undertaking, add other officials or employees to said schedule, or increase or decrease the amount of this undertaking in respect to any official or employee by giving written notice to the Company, but such notice shall not be binding on the Company until the Employer has received the Company's written acceptance thereof. In the event of such increase or decrease, the Company's liability as respects such official or employee shall not exceed the schedule amount in effect as to such official or employee when the act of such official or employee, in respect to which claim is made, shall have been committed. The Company's liability shall in no event exceed the maximum amount at any time in effect in said schedule as to such official or employee.

(2) This undertaking as respects any or all officials or employees may be cancelled:

   (a) By the Company, after giving thirty (30) days notice of cancellation to the Employer, in writing, of its desire so to cancel;

   (b) By the Employer, by giving notice to the Company, in writing, of the Employer's desire so to cancel;

the Company remaining liable, however, subject to the terms, conditions and provisions hereof for any act or acts covered hereby which may have been committed prior to the date of such cancellation. In the event of such cancellation, the Company shall refund the pro rata unearned premium, if any, but the whole year's premium for the premium year within which such cancellation takes place shall be considered as fully earned for any official or employee whose acts or omissions are made the basis of a claim hereunder.

5060380 Effective January 14, 1985 Issued by Hartford Accident and Indemnity Company; The Cancellations to be Effective at the time this Policy becomes Effective.  Also, by acceptance of this Policy you agree to the substitution of Hartford Fire Insurance Company as "Company" shown above.

IN WITNESS WHEREOF, the ......Hartford..Fire..Insurance..Company...............................has hereunto set its hand and seal this ..........27th..............day of ......January....1993...........................

Hartford Fire Insurance Company....................................

By ...R...M...Symalon........................................................
R. M Symalon, Attorney-in-Pact

Form S-3714-1  Printed in U.S.A.
mt

**POWER OF ATTORNEY**

Know _____ ____ by these Presents, That the HARTFORD _ INSURANCE COMPANY, a corporation duly organized un___ ___ laws of the State of Connecticut, and having its pri___ _ office in the City of Hartford, County of Hartford, State of Connecticut, does hereby make, constitute and appoint

ROGER D. WYMAN, JANICE COOK, ROBERT L. ROSS, M. M. THOMSEN, R. M. SYNOLON,
GLORIA B. MOSTAJO, PATRICIA G. MELVIN, EDITH BOQUIREN, C. A. CLAUDIO,
MELINDA THOMAS and LUZVIMINDA L. NOCOS of SAN FRANCISCO, CALIFORNIA

its true and lawful Attorney(s)-in-Fact, with full power and authority to each of said Attorney(s)-in-Fact, in their separate capacity if more than one is named above, to sign, execute and acknowledge any and all bonds and undertakings and other writings obligatory in the nature thereof on behalf of the Company in its business of guaranteeing the fidelity of persons holding places of public or private trust; guaranteeing the performance of contracts other than insurance policies; guaranteeing the performance of insurance contracts where surety bonds are accepted by states and municipalities, and executing or guaranteeing bonds and undertakings required or permitted in all actions or proceedings or by law allowed.

and to bind the HARTFORD FIRE INSURANCE COMPANY thereby as fully and to the same extent as if such bonds and undertakings and other writings obligatory in the nature thereof were signed by an Executive Officer of the HARTFORD FIRE INSURANCE COMPANY and sealed and attested by one other of such Officers, and hereby ratifies and confirms all that its said Attorney(s)-in-Fact may do in pursuance hereof.

This power of attorney is granted by and under authority of the following provisions:

(1) By-Laws adopted by the Stockholders of the HARTFORD FIRE INSURANCE COMPANY at a meeting duly called and held on the 9th day of March, 1971.

ARTICLE IV

SECTION 8. The President or any Vice-President, acting with any Secretary or Assistant Secretary, shall have power and authority to appoint, for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, one or more Resident Vice-Presidents, Resident Assistant Secretaries and Attorneys-in-Fact, and at any time to remove any such Resident Vice-President, Resident Assistant Secretary, or Attorney-in-Fact, and revoke the power and authority given to him.

SECTION 11. Attorneys-in-Fact shall have power and authority, subject to the terms and limitations of the power of attorney issued to them, to execute and deliver on behalf of the Company and to attach the seal of the Company thereto any and all bonds and undertakings, and other writings obligatory in the nature thereof, and any such instrument executed by any such Attorney-in-Fact shall be as binding upon the Company as if signed by an Executive Officer and sealed and attested by one other of such Officers.

(2) Excerpt from the Minutes of a meeting of the Board of Directors of the HARTFORD FIRE INSURANCE COMPANY duly called and held on the 12th day of October, 1990.

RESOLVED: Robert N. H. Sener, Assistant Vice-President and Laura A. Shanahan, Assistant Secretary, shall each have, as long as each holds such office, the same power as any Vice-President under Sections 8, 7 and 8 of Article IV of the By-Laws of the Company, namely: to appoint by a Power of Attorney, for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, one or more Resident Vice-Presidents, Resident Assistant Secretaries and Attorneys-in-Fact.

This power of attorney is signed and sealed by facsimile under and by the authority of the following Resolution adopted by the Directors of the HARTFORD FIRE INSURANCE COMPANY at a meeting duly called and held on the 12th day of October, 1990.

RESOLVED, that the signatures of such Officers and the seal of the Company may be affixed to any such power of attorney or to any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.

In Witness Whereof, the HARTFORD FIRE INSURANCE COMPANY has caused these presents to be signed by its Assistant Vice-President, and its corporate seal to be hereto affixed, duly attested by its Secretary, this 1st day of May, 1991.

Attest:                                                    HARTFORD FIRE INSURANCE COMPANY

_Richard R. Hermanson_                                    _Robert N. H. Sener_
Richard R. Hermanson                                      Robert N. H. Sener
Secretary                                                 Assistant Vice-President

STATE OF CONNECTICUT  } ss.
COUNTY OF HARTFORD

On this 1st day of May, A.D. 1991, before me personally came Robert N. H. Sener, to me known, who being by me duly sworn, did depose and say: that he resides in the County of Hartford, State of Connecticut; that he is the Assistant Vice-President of the HARTFORD FIRE INSURANCE COMPANY, the corporation described in and which executed the above instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation and that he signed his name thereto by like order.

STATE OF CONNECTICUT  } ss.
COUNTY OF HARTFORD

_Jean H. Wozniak_
Jean H. Wozniak
Notary Public
My Commission Expires March 31, 1994

**CERTIFICATE**

I, the undersigned, Assistant Secretary of the HARTFORD FIRE INSURANCE COMPANY, a Connecticut Corporation, DO HEREBY CERTIFY that the foregoing and attached POWER OF ATTORNEY remains in full force and has not been revoked; and furthermore, that the Resolutions of the Board of Directors, set forth in the Power of Attorney, are now in force.

Signed and sealed at the City of Hartford. Dated the 27th day of January 19 93

_David A. Johnson_
David A. Johnson
Assistant Secretary

Form S-3507-6 (HF) Printed in U.S.A

# FILED

MAR 10 2021

SECRETARY OF STATE
STATE OF WASHINGTON



FILED

MAR 1 0 2021

SECRETARY OF STATE
STATE OF WASHINGTON



THE
HARTFORD

## RIDER

Attached to and forming part of Bond # 52BSBDH7388

effective  January 14, 2005

on behalf of STATE OF WASHINGTON

of  Dept. of General Admin., Div. of Risk Management, P. O. Box 41027, Olympia, WA 98504-1027

in favor of STATE OF WASHINGTON

and in the amount of  Five Million Sixty-Eight Thousand   $5,068,000                     Dollars.


It is understood and agreed that effective January 14, 2005

the    Bond  Number                              shall be changed

from Old  Bond  Number - 52RN 060380

to New Bond  Number - 52BSBDH7388


All other conditions and terms remain as originally written.


*Signed, Sealed, and Dated*    February 2nd                    , 2005


Hartford Fire Insurance Company

By:    *[signature]*
Sylvia  Whitman, Attorney-in-Fact


The above endorsement is hereby agreed to and accepted:


By:    _____


Form GENCNG (Rev. 02/04/03)

# POWER OF ATTORNEY

*Direct Inquiries/Claims to:*
**THE HARTFORD**
BOND, T-4
690 ASYLUM AVENUE
HARTFORD, CONNECTICUT 06115
call: 888-266-3488 *or fax: 860-757-5835)*

**KNOW ALL PERSONS BY THESE PRESENTS THAT:**

Agency Code: 52   817013

| | |
|---|---|
| X | Hartford Fire Insurance Company, a corporation duly organized under the laws of the State of Connecticut |
| | Hartford Casualty Insurance Company, a corporation duly organized under the laws of the State of Indiana |
| | Hartford Accident and Indemnity Company, a corporation duly organized under the laws of the State of Connecticut |
| | Hartford Underwriters Insurance Company, a corporation duly organized under the laws of the State of Connecticut |
| | Twin City Fire Insurance Company, a corporation duly organized under the laws of the State of Indiana |
| | Hartford Insurance Company of Illinois, a corporation duly organized under the laws of the State of Illinois |
| | Hartford Insurance Company of the Midwest, a corporation duly organized under the laws of the State of Indiana |
| | Hartford Insurance Company of the Southeast, a corporation duly organized under the laws of the State of Florida |

having their home office in Hartford, Connecticut, (hereinafter collectively referred to as the "Companies") do hereby make, constitute and appoint,
**up to the amount of** UNLIMITED     :
LARRY CHRISTIANSON, SCOTT C. ALDERMAN, LINDA BEESLEY, ELIZABETH J. BOTTEMILLER,
JIM BELL, SYLVIA WHITMAN, JOHN A. BECKERLEG, JAMES W. CAMPBELL OF SEATTLE,
WASHINGTON

their true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign its name as surety(ies) only as delineated above by ☒, and to execute, seal and acknowledge any and all bonds, undertakings, contracts and other written instruments in the nature thereof, on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

In Witness Whereof, and as authorized by a Resolution of the Board of Directors of the Companies on July 21, 2003, the Companies have caused these presents to be signed by its Assistant Vice President and its corporate seals to be hereto affixed, duly attested by its Assistant Secretary. Further, pursuant to Resolution of the Board of Directors of the Companies, the Companies hereby unambiguously affirm that they are and will be bound by any mechanically applied signatures applied to this Power of Attorney.



Paul A. Bergenholtz, Assistant Secretary                    David T. Akers, Assistant Vice President

**STATE OF CONNECTICUT**
} ss.   Hartford
**COUNTY OF HARTFORD**

On 23rd day of July, 2003, before me personally came David T. Akers, to me known, who being by me duly sworn, did depose and say: that he resides in the County of Hampden, Commonwealth of Massachusetts; that he is the Assistant Vice President of the Companies, the corporations described in and which executed the above instrument; that he knows the seals of the said corporations; that the seals affixed to the said instrument are such corporate seals; that they were so affixed by authority of the Boards of Directors of said corporations and that he signed his name thereto by like authority.



CERTIFICATE

Scott E. Paseka
Notary Public
My Commission Expires October 31, 2007

I, the undersigned, Assistant Vice President of the Companies, DO HEREBY CERTIFY that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which is still in full force effective as of February 2, 2005.
Signed and sealed at the City of Hartford.



Gary W. Stumper, Assistant Vice President

POA 2004

# FILED

MAR 10 2021

SECRETARY OF STATE
STATE OF WASHINGTON

# POWER OF ATTORNEY

**Direct Inquiries, Bond Authenticity**
**and Claims to:**
**THE HARTFORD**
BOND, T-14
One Hartford Plaza
Hartford, Connecticut 06155
Bond.Claims@thehartford.com
*call:* 888-266-3488 *or fax:* 860-757-5835

**KNOW ALL PERSONS BY THESE PRESENTS THAT:**

**Agency Name:** ALLIANT INSURANCE SERVICES INC
**Agency Code:** 52-812173

| | |
|---|---|
| ☒ | **Hartford Fire Insurance Company**, a corporation duly organized under the laws of the State of Connecticut |
| ☐ | **Hartford Casualty Insurance Company**, a corporation duly organized under the laws of the State of Indiana |
| ☐ | **Hartford Accident and Indemnity Company**, a corporation duly organized under the laws of the State of Connecticut |
| ☐ | **Hartford Insurance Company of the Midwest**, a corporation duly organized under the laws of the State of Indiana |

having their home office in Hartford, Connecticut (hereinafter collectively referred to as the "Companies") do hereby make, constitute and appoint

Joelle L LaPierre
of Lake Mary, Florida,

its true and lawful Attorney-in-Fact, to sign its name as surety(ies) only as delineated above by, and to execute, seal and acknowledge the following bond, undertaking, contract or written instrument:

Bond No. 52BSBDH7388

Naming STATE OF WASHINGTON as Principal,
and STATE OF WASHINGTON as Obligee,

in the amount of See Bond Form(s) on behalf of Company in its business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

**In Witness Whereof**, and as authorized by a Resolution of the Board of Directors of the Companies on May 23, 2016 the Companies have caused these presents to be signed by its Assistant Vice President and its corporate seals to be hereto affixed, duly attested by its Assistant Secretary. Further, pursuant to Resolution of the Board of Directors of the Companies, the Companies hereby unambiguously affirm that they are and will be bound by any mechanically applied signatures applied to this Power of Attorney.

   

Phyllis A. Clark, Assistant Secretary

Joelle L. LaPierre, Assistant Vice President

**STATE OF FLORIDA**
} **ss.** Lake Mary
**COUNTY OF SEMINOLE**

On this 1st day of March, 2024, before me personally came Joelle L. LaPierre, to me known, who being by me duly sworn, did depose and say: that (s)he resides in Seminole County, State of Florida; that (s)he is the Assistant Vice President of the Companies, the corporations described in and which executed the above instrument; that (s)he knows the seals of the said corporations; that the seals affixed to the said instrument are such corporate seals; that they were so affixed by authority of the Boards of Directors of said corporations and that (s)he signed his/her name thereto by like authority.

Mariluz Arce
My Commission HH 287363
Expires July 13, 2026

I, the undersigned, Assistant Vice President of the Companies, DO HEREBY CERTIFY that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which is still in full force effective as of <u>December 23, 2024.</u>

Signed and sealed in Lake Mary, Florida.

   

Keith D. Dozois, Assistant Vice President

Revised: July 31, 2024



**THE HARTFORD**

# Verification Certificate

This is to certify that Bond No. 52BSBDH7388          issued by the member company of The Hartford

subscribing this certificate, dated   January 14, 2025

in the amount of   Six Million One Hundred Eighty-Nine Thousand  Dollars

          $6,189,000.00

on behalf of   STATE OF WASHINGTON                                      , as Principal,

and in favor of   STATE OF WASHINGTON                                   , as Obligee,

covers an indefinite term which began on  January 14, 2025    , and ends with the cancellation of

said bond; that said bond is now in full force and effect and will continue in full force and effect until cancelled.

**ANNIVERSARY PREMIUM PERIOD:**   January 14, 2025 - January 14, 2029

     **Signed, Sealed, and Dated**  December 23, 2024

Attest or Witness                          Surety

*Shelby Wiggins*                Hartford Fire Insurance Company

                                By: *Joelle L LaPierre*

                                  Joelle L LaPierre  , Attorney in fact

1030-E-1

# EXHIBIT 2



FILED

MAR 1 0 2021

SECRETARY OF STATE
STATE OF WASHINGTON

Public Official Position Schedule Bond
Hartford Fire Insurance Company Policy # 52BSBDH7388
1/14/2021 - 1/14/2025 Policy Term - Scheduled Positions

| ENTITY | POSITION | OBLIGEE | AMOUNT | RCW |
|---|---|---|---|---|
| Auditor, Office of the State | State Auditor | State of Washington | $50,000 | 43.09.010 |
| Auditor, Office of the State | Chief Deputy Auditor | State of Washington | $50,000 | 43.09.010 |
| Office of the Attorney General | State Attorney General | State of Washington | $5,000 | 43.10.010 |
| Office of the Secretary of State | Secretary of State | State of Washington | $10,000 | 43.07.010 |
| Office of the Insurance Commissioner | Insurance Commissioner | State of Washington | $25,000 | 48.02.030 |
| Office of the State Treasurer | State Treasurer | State of Washington | $500,000 | 43.08.020 |
| Community and Technical Colleges, State Board for | Treasurer | State of Washington | $20,000 | 28B.50.085 |
| Employment Security Department | Treasurer | State of Washington | $25,000 | 50.16.020 & 50.16.050 |
| | | | | |

| ENTITY | POSITION | OBLIGEE | AMOUNT | RCW |
|---|---|---|---|---|
| Gambling Commission, Washington State | Member | State of Washington | $50,000 | 9.46.050 - (5) |
| Gambling Commission, Washington State | Member | State of Washington | $50,000 | 9.46.050 - (5) |
| Gambling Commission, Washington State | Member | State of Washington | $50,000 | 9.46.050 - (5) |
| Gambling Commission, Washington State | Member | State of Washington | $50,000 | 9.46.050 - (5) |
| Gambling Commission, Washington State | Member | State of Washington | $50,000 | 9.46.050 - (5) |
| Horse Racing Commission, Washington State | Commissioner | State of Washington, Horse Racing Comm | $5,000 | 67.16.012 |
| Horse Racing Commission, Washington State | Commissioner | State of Washington, Horse Racing Comm | $5,000 | 67.16.012 |
| Horse Racing Commission, Washington State | Commissioner | State of Washington, Horse Racing Comm | $5,000 | 67.16.012 |

FILED
MAR 10 2021
SECRETARY OF STATE
STATE OF WASHINGTON

| ENTITY | POSITION | OBLIGEE | AMOUNT | RCW |
|---|---|---|---|---|
| Liquor and Cannabis Board | Member | State of Washington Liquor Control Board | $50,000 | 66.08.014 |
| Liquor and Cannabis Board | Member | State of Washington Liquor Control Board | $50,000 | 66.08.014 |
| Liquor and Cannabis Board | Member | State of Washington Liquor Control Board | $50,000 | 66.08.014 |
| Military Department Headquarters | Office of the Adjutant General | State of Washington | $20,000 | 38.12.010 |
| Natural Resources, Dept of | Commissioner of Public Lands | State of Washington Dept of Natural Resources | $50,000 | 43.12.041 |
| Natural Resources, Dept of | Supervisor | State of Washington Dept of Natural Resources | $50,000 | 43.30.430 (6) |
| Natural Resources, Dept of | Deputy Supervisor | State of Washington Dept of Natural Resources | $50,000 | 43.12.041 and 43.12.021 |
| Utilities & Transportation Commission | Commissioner | State of Washington Utilities & Transportation | $20,000 | 80.01.020 |
| Utilities & Transportation Commission | Commissioner | State of Washington Utilities & Transportation | $20,000 | 80.01.020 |
| Utilities & Transportation Commission | Commissioner | State of Washington Utilities & Transportation | $20,000 | 80.01.020 |
| Washington State University | Member, Board of Regents | State of Washington Washington State University | $5,000 | 28B.30.100 |
| Washington State University | Member, Board of Regents | State of Washington Washington State University | $5,000 | 28B.30.100 |

FILED
MAR 10 2021
SECRETARY OF STATE
STATE OF WASHINGTON

| ENTITY | POSITION | OBLIGEE | AMOUNT | RCW |
|---|---|---|---|---|
| Washington State University | Member, Board of Regents | State of Washington Washington State University | $5,000 | 28B.30.100 |
| Washington State University | Member, Board of Regents | State of Washington Washington State University | $5,000 | 28B.30.100 |
| Washington State University | Member, Board of Regents | State of Washington Washington State University | $5,000 | 28B.30.100 |
| Washington State University | Member, Board of Regents | State of Washington Washington State University | $5,000 | 28B.30.100 |
| Washington State University | Member, Board of Regents | State of Washington Washington State University | $5,000 | 28B.30.100 |
| Washington State University | Member, Board of Regents | State of Washington Washington State University | $5,000 | 28B.30.100 |
| Washington State University | Member, Board of Regents | State of Washington Washington State University | $5,000 | 28B.30.100 |
| Washington State University | Member, Board of Regents | State of Washington Washington State University | $5,000 | 28B.30.100 |
| Washington State University | Treasurer | State of Washington Washington State University | $5,000 | 28B.30.130 |
| Washington State University | Secretary | State of Washington Washington State University | $5,000 | 28B.30.135 |
| Central Washington University | Treasurer | State of Washington Central Washington University | $5,000 | 28B.40.195 & 28B.35.190 |
| Eastern Washington University | Treasurer | State of Washington Eastern Washington University | $5,000 | 28B.40.195 & 28B.35.190 |
| Western Washington University | Treasurer | State of Washington Western Washington University | $5,000 | 28B.40.195 & 28B.35.190 |
|  |  |  |  |  |

FILED
MAR 1 0 2021
SECRETARY OF STATE
STATE OF WASHINGTON

| ENTITY | POSITION | OBLIGEE | AMOUNT | RCW |
|---|---|---|---|---|
| The Evergreen State College | Treasurer | State of Washington    Evergreen State College | $5,000 | 28B.40.195 & 28B.35.190 |
| Bellevue College (Dist 8) | Treasurer | State of Washington Comm Cllg Dist 8 | $100,000 | 28B.50.142 |
| Big Bend Community College (Dist 18) | Treasurer | State of Washington Comm Cllg Dist 18 | $100,000 | 28B.50.142 |
| Cascadia College (Dist 30) | Treasurer | State of Washington Comm Cllg Dist 30 | $100,000 | 28B.50.142 |
| Centralia College (Dist 12) | Treasurer/Business Manager | State of Washington Comm Cllg Dist 12 | $100,000 | 28B.50.142 |
| Clark College (Dist 14) | Treasurer | State of Washington Comm Cllg Dist 14 | $100,000 | 28B.50.142 |
| Columbia Basin Community College (Dist 19) | Treasurer | State of Washington Comm Cllg Dist 19 | $100,000 | 28B.50.142 |
| Edmonds Community College (Dist 23) | Vice President of Finance/Treasurer | State of Washington Comm Cllg Dist 23 | $100,000 | 28B.50.142 |
| Everett Community College (Dist 5) | Treasurer | State of Washington Comm Cllg Dist 5 | $100,000 | 28B.50.142 |

FILED

MAR 10 2021

SECRETARY OF STATE
STATE OF WASHINGTON

| ENTITY | POSITION | OBLIGEE | AMOUNT | RCW |
|---|---|---|---|---|
| Grays Harbor College (Dist 2) | Treasurer | State of Washington Comm Cllg Dist 2 | $100,000 | 28B.50.142 |
| Green River College (Dist 10) | Treasurer | State of Washington Comm Cllg Dist 10 | $100,000 | 28B.50.142 |
| Highline College (Dist 9) | Treasurer | State of Washington Comm Cllg Dist 9 | $100,000 | 28B.50.142 |
| Lower Columbia College (Dist 13) | Treasurer | State of Washington Comm Cllg Dist 13 | $100,000 | 28B.50.142 |
| Olympic College (Dist 3) | Treasurer | State of Washington Comm Cllg Dist 3 | $100,000 | 28B.50.142 |
| Peninsula College (Dist 1) | Treasurer | State of Washington Comm Cllg Dist 1 | $100,000 | 28B.50.142 |
| Pierce College (Dist 11) | Treasurer | State of Washington Comm Cllg Dist 11 | $100,000 | 28B.50.142 |
| Seattle Community College District (Dist 6) | Treasurer | State of Washington Comm Cllg Dist 6 | $100,000 | 28B.50.142 |

FILED
MAR 10 2021
SECRETARY OF STATE
STATE OF WASHINGTON

**Public Official Position Schedule Bond**
**Hartford Fire Insurance Company Policy # 52BSBDH7388**
**1/14/2025 - 1/14/2029 Policy Term - Scheduled Positions**

| ENTITY | POSITION | OBLIGEE | AMOUNT | RCW |
|---|---|---|---|---|
| Auditor, Office of the State | State Auditor | State of Washington | $50,000 | 43.09.010 |
| Auditor, Office of the State | Chief Deputy Auditor | State of Washington | $50,000 | 43.09.010 |
| Office of the Attorney General | State Attorney General | State of Washington | $5,000 | 43.10.010 |
| Office of the Secretary of State | Secretary of State | State of Washington | $10,000 | 43.07.010 |
| Office of the Insurance Commissioner | Insurance Commissioner | State of Washington | $25,000 | 48.02.030 |
| Office of the State Treasurer | State Treasurer | State of Washington | $500,000 | 43.08.020 |
| Community and Technical Colleges, State Board for | Treasurer | State of Washington | $20,000 | 28B.50.085 |
| Employment Security Department | Treasurer | State of Washington | $25,000 | 50.16.020 & 50.16.050 |
| Gambling Commission, Washington State | Member | State of Washington | $50,000 | 9.46.050 - (5) |
| Gambling Commission, Washington State | Member | State of Washington | $50,000 | 9.46.050 - (5) |
| Gambling Commission, Washington State | Member | State of Washington | $50,000 | 9.46.050 - (5) |
| Gambling Commission, Washington State | Member | State of Washington | $50,000 | 9.46.050 - (5) |
| Gambling Commission, Washington State | Member | State of Washington | $50,000 | 9.46.050 - (5) |
| Horse Racing Commission, Washington State | Commissioner | State of Washington, Horse Racing Comm | $5,000 | 67.16.012 |
| Horse Racing Commission, Washington State | Commissioner | State of Washington, Horse Racing Comm | $5,000 | 67.16.012 |
| Horse Racing Commission, Washington State | Commissioner | State of Washington, Horse Racing Comm | $5,000 | 67.16.012 |
| Liquor and Cannabis Board | Member | State of Washington Liquor Control Board | $95,000 | 66.08.014 |

| | | | | |
|---|---|---|---|---|
| Liquor and Cannabis Board | Member | State of Washington Liquor Control Board | $95,000 | 66.08.014 |
| Liquor and Cannabis Board | Member | State of Washington Liquor Control Board | $95,000 | 66.08.014 |
| Military Department Headquarters | Office of the Adjutant General | State of Washington | $20,000 | 38.12.010 |
| Natural Resources, Dept of | Commissioner of Public Lands | State of Washington Dept of Natural Resources | $50,000 | 43.12.041 |
| Natural Resources, Dept of | Supervisor | State of Washington Dept of Natural Resources | $50,000 | 43.30.430 (6) |
| Natural Resources, Dept of | Deputy Supervisor | State of Washington Dept of Natural Resources | $50,000 | 43.12.041 and 43.12.021 |
| Utilities & Transportation Commission | Commissioner | State of Washington Utilities & Transportation | $20,000 | 80.01.020 |
| Utilities & Transportation Commission | Commissioner | State of Washington Utilities & Transportation | $20,000 | 80.01.020 |
| Utilities & Transportation Commission | Commissioner | State of Washington Utilities & Transportation | $20,000 | 80.01.020 |
| Washington State University | Member, Board of Regents | State of Washington Washington State University | $5,000 | 28B.30.100 |
| Washington State University | Member, Board of Regents | State of Washington Washington State University | $5,000 | 28B.30.100 |
| Washington State University | Member, Board of Regents | State of Washington Washington State University | $5,000 | 28B.30.100 |
| Washington State University | Member, Board of Regents | State of Washington Washington State University | $5,000 | 28B.30.100 |
| Washington State University | Member, Board of Regents | State of Washington Washington State University | $5,000 | 28B.30.100 |
| Washington State University | Member, Board of Regents | State of Washington Washington State University | $5,000 | 28B.30.100 |
| Washington State University | Member, Board of Regents | State of Washington Washington State University | $5,000 | 28B.30.100 |
| Washington State University | Member, Board of Regents | State of Washington Washington State University | $5,000 | 28B.30.100 |
| Washington State University | Member, Board of Regents | State of Washington Washington State University | $5,000 | 28B.30.100 |
| Washington State University | Treasurer | State of Washington Washington State University | $5,000 | 28B.30.130 |
| Washington State University | Secretary | State of Washington Washington State University | $5,000 | 28B.30.135 |

| | | | | |
|---|---|---|---|---|
| Central Washington University | Treasurer | State of Washington Central Washington University | $5,000 | 28B.40.195 & 28B.35.190 |
| Eastern Washington University | Treasurer | State of Washington Eastern Washington University | $5,000 | 28B.40.195 & 28B.35.190 |
| Western Washington University | Treasurer | State of Washington Western Washington University | $5,000 | 28B.40.195 & 28B.35.190 |
| The Evergreen State College | Treasurer | State of Washington Evergreen State College | $5,000 | 28B.40.195 & 28B.35.190 |
| Bellevue Community College (Dist 8) | Treasurer | State of Washington Comm Cllg Dist 8 | $100,000 | 28B.50.142 |
| Big Bend Community College (Dist 18) | Treasurer | State of Washington Comm Cllg Dist 18 | $100,000 | 28B.50.142 |
| Cascadia Community College (Dist 30) | Treasurer | State of Washington Comm Cllg Dist 30 | $100,000 | 28B.50.142 |
| Centralia College (Dist 12) | Treasurer/Business Manager | State of Washington Comm Cllg Dist 12 | $100,000 | 28B.50.142 |
| Clark College (Dist 14) | Treasurer | State of Washington Comm Cllg Dist 14 | $100,000 | 28B.50.142 |
| Columbia Basin Community College (Dist 19) | Treasurer | State of Washington Comm Cllg Dist 19 | $100,000 | 28B.50.142 |
| Edmonds Community College (Dist 23) | Vice President of Finance/Treasurer | State of Washington Comm Cllg Dist 23 | $100,000 | 28B.50.142 |
| Everett Community College (Dist 5) | Treasurer | State of Washington Comm Cllg Dist 5 | $100,000 | 28B.50.142 |
| Grays Harbor College (Dist 2) | Treasurer | State of Washington Comm Cllg Dist 2 | $100,000 | 28B.50.142 |
| Green River Community College (Dist 10) | Treasurer | State of Washington Comm Cllg Dist 10 | $100,000 | 28B.50.142 |
| Highline Community College (Dist 9) | Treasurer | State of Washington Comm Cllg Dist 9 | $100,000 | 28B.50.142 |
| Lower Columbia College (Dist 13) | Treasurer | State of Washington Comm Cllg Dist 13 | $100,000 | 28B.50.142 |
| Olympic College (Dist 3) | Treasurer | State of Washington Comm Cllg Dist 3 | $100,000 | 28B.50.142 |
| Peninsula College (Dist 1) | Treasurer | State of Washington Comm Cllg Dist 1 | $100,000 | 28B.50.142 |
| Pierce College (Dist 11) | Treasurer | State of Washington Comm Cllg Dist 11 | $100,000 | 28B.50.142 |
| Seattle Community College District (Dist 6) | Treasurer | State of Washington Comm Cllg Dist 6 | $100,000 | 28B.50.142 |

| | | | | |
|---|---|---|---|---|
| Shoreline Community College (Dist 7) | Vice President of Business and Admin. Services | State of Washington Comm Cllg Dist 7 | $100,000 | 28B.50.142 |
| Skagit Valley College (Dist 4) | Treasurer | State of Washington Comm Cllg Dist 4 | $100,000 | 28B.50.142 |
| South Puget Sound Community College (Dist 24) | Business Manager/Treasurer | State of Washington Comm Cllg Dist 24 | $100,000 | 28B.50.142 |
| Spokane Community College (Dist 17) | Treasurer | State of Washington Comm Cllg Dist 17 | $100,000 | 28B.50.142 |
| Tacoma Community College (Dist 22) | Treasurer | State of Washington Comm Cllg Dist 22 | $100,000 | 28B.50.142 |
| Walla Walla Community College (Dist 20) | Treasurer | State of Washington Comm Cllg Dist 20 | $100,000 | 28B.50.142 |
| Wenatchee Valley College (Dist 15) | Treasurer | State of Washington Comm Cllg Dist 15 | $100,000 | 28B.50.142 |
| Whatcom Community College (Dist 21) | Treasurer | State of Washington Comm Cllg Dist 21 | $100,000 | 28B.50.142 |
| Yakima Valley College (Dist 16) | Treasurer | State of Washington Comm Cllg Dist 16 | $100,000 | 28B.50.142 |
| Bates Technical College (Dist 28) | Treasurer | State of Washington Tech Cllg Dist 28 | $100,000 | 28B.50.142 |
| Bellingham Technical College (Dist 25) | Treasurer | State of Washington Tech Cllg Dist 25 | $100,000 | 28B.50.142 |
| Clover Park Technical College (Dist 29) | Treasurer/Board of Trustees | State of Washington Tech Cllg Dist 29 | $100,000 | 28B.50.142 |
| Lake Washington Institiute of Technology (Dist 26) | Treasurer | State of Washington Tech Cllg Dist 26 | $100,000 | 28B.50.142 |
| Lake Washington Institiute of Technology (Dist 26) | Controller | State of Washington Tech Cllg Dist 26 | $100,000 | 28B.50.142 |
| Renton Technical College (Dist 27) | Treasurer | State of Washington Tech Cllg Dist 27 | $100,000 | 28B.50.142 |
| Alfalfa Seed Commission | Executive Treasurer | State of Washington | $10,000 | 15.65.500 |
| Apple Commission | Treasurer | State of Washington & Apple Commission | $50,000 | 15.24.150 |
| Asparagus Commission | Administrator | State of Washington & Asparagus Commission | $10,000 | 15.65.500 |
| Beef Commission | Treasurer | State of Washington & Beef Commission | $50,000 | 16.67.090 |
| Blueberry Commission | Administrator | State of Washington & Blueberry Commission | $10,000 | 15.65.500 |

| | | | | |
|---|---|---|---|---|
| Cranberry Commission | Secretary/Treasurer | State of Washington & Cranberry Commission | $5,000 | 16-565-020 [10i] |
| Dairy Products Commission | Secretary/Treasurer | State of Washington & Dairy Products Commission | $100,000 | 15.44.050 |
| Fruit Commission | Treasurer | State of Washington & Fruit Commission | $50,000 | 15.28.190 |
| Grain Commission | Chairman | State of Washington | $50,000 | 15.66.190 |
| Grain Commission | Vice Chairman | State of Washington | $50,000 | 15.66.190 |
| Grain Commission | Secretary/Treasurer | State of Washington | $50,000 | 15.66.190 |
| Hop Commission | Executive Director | State of Washington & Hop Commission | $20,000 | 15.65.500 |
| Mint Commission | Executive Secretary | State of Washington | $10,000 | 15.65.500 |
| Oilseeds Commission | Administrator | State of Washington & Oilseeds Commission | $10,000 | 15.65.500 |
| Potato Commission | Executive Director | State of Washington | $50,000 | 15.66.190 |
| Potato Commission | Assistant Executive Director | State of Washington | $50,000 | 15.66.190 |
| Potato Commission | Accounts Payable | State of Washington | $50,000 | 15.66.190 |
| Potato Commission | Accounts Receivable | State of Washington | $50,000 | 15.66.190 |
| Potato Commission | Administrative Assistant | State of Washington | $50,000 | 15.66.190 |
| Potato Commission | Director of Operations | State of Washington | $50,000 | 15.66.190 |
| Puget Sound Salmon Commission | Chairman | State of Washington | $25,000 | 15.65.500 |
| Pulse Crops Commission | Chairman | State of Washington | $10,000 | 15.65.500 |
| Red Raspberry Commission | President | State of Washington | $5,000 | 15.65.500 |
| Red Raspberry Commission | Vice President | State of Washington | $5,000 | 15.65.500 |
| Red Raspberry Commission | Treasurer | State of Washington | $5,000 | 15.65.500 |

| | | | | |
|---|---|---|---|---|
| Seed Potato Commission | Secretary/Treasurer | State of Washington | $2,000 | 15.66.190 |
| Seed Potato Commission | Office Manager | State of Washington | $2,000 | 15.66.190 |
| Tree Fruit Research Commission | Treasurer | State of Washington | $50,000 | 15.26.230 |
| Turfgrass Seed Commission | Administrator | State of Washington | $10,000 | 15.65.500 |
| Wine Commission | Treasurer | State of Washington | $50,000 | 15.88.070 |
| Eastern Washington Historical Society | Financial Officer | State of Washington | $5,000 | 15.65.500 |
| Eastern Washington Historical Society | Financial Officer | State of Washington | $5,000 | 15.65.500 |

$5,459,000

| | | | | |
|---|---|---|---|---|
| Potato Commission | AR/Payroll | State of Washington | $50,000 | 15.66.190 |
| Potato Commission | Director of Outreach | State of Washington | $50,000 | 15.66.190 |
| Community and Technical Colleges, State Board for | Director of Accounting & Business Services | State of Washington | $250,000 | 28B.50.085 |
| Community and Technical Colleges, State Board for | Controller | State of Washington | $250,000 | 28B.50.085 |

# EXHIBIT 3

Washington Secretary of State



Contact Us | Connect:

# Washington State Archives - Digital Archives

Home      Search      Collections      News      Support      Volunteer      My Research Notebook                View Cart 🛒

## Search

| Record Series | | Party | | | |
|---|---|---|---|---|---|
| Oaths of Office ⌄ | | **Last** | **First** | **Middle** | **Soundex** |
| County | | COATES | SPENCER | | ☐ What is Soundex? |
| Statewide ⌄ | | **Office** | | | |
| Title | | | | | |
| State Government Oaths of Office, 185 ⌄ | | **Year** | | | |
| | | **Year From** | **Year To** | | |
| Enter at least one search field, then click the 'Search' button in the lower right. > | | 2020 | 2025 | | |

[Search]

**No search results found.**
Not finding what you are looking for? Try our **Frequently Asked Questions**

**Washington Secretary of State**
**Washington State Archives**
**Digital Archives**
**960 Washington Street**
**Cheney, WA 99004**
**(509) 235-7500**
Phone Numbers

Privacy Policy
Accessibility



Washington Secretary of State

Contact Us | Connect: 

# Washington State Archives - Digital Archives

Home     Series     Counties     News     Surveys     All orders     My Recent Searches                    View Cart

## Search

| Record Series | | Party | | | |
|---|---|---|---|---|---|
| Oaths of Office ⌄ | | Last<br>RANGE | First<br>ELLEN | Middle | Soundex<br>☐ What is Soundex? |
| County | | Office | | | |
| Statewide ⌄ | | | | | |
| Title | | Year | | | |
| State Government Oaths of Office, 18! ⌄ | | Year From<br>2020 | Year To<br>2025 | | |
| Enter at least one search field, then click the 'Search' button in the lower right. | | | | | |

Search

**No search results found.**
Not finding what you are looking for? Try our Frequently Asked Questions

**Washington Secretary of State**
**Washington State Archives**
**Digital Archives**
**960 Washington Street**
**Cheney, WA 99004**
**(509) 235-7500**
Phone Numbers

Privacy Policy
Accessibility



# EXHIBIT 4

☐ EXPEDITE
☐ No hearing set
☒ Hearing is set
Date: September 17, 2021
Time: 9:30 a.m.
Judge/Calendar: Honorable Sharonda D. Amamilo

SUPERIOR COURT OF WASHINGTON FOR THURSTON COUNTY

FISHERIES ENGINEERS, INC., a
Washington Corporation, PAUL TAPPEL, an
individual and professional engineer,

          Petitioners,

v.

THE STATE OF WASHINGTON,
GOVERNOR JAY INSLEE, in his official
capacity, ATTORNEY GENERAL BOB
FERGUSON, in his official capacity, and
BOARD OF REGISTRATION FOR
PROFESSIONAL ENGINEERS & LAND
SURVEYORS, an agency of the State of
Washington,

          Respondents.

NO. 18-2-04658-34

[PROPOSED] ORDER GRANTING
PETITIONERS' MOTION FOR SUMMARY
JUDGMENT AND DENYING
RESPONDENTS' MOTION FOR
SUMMARY JUDGMENT

THIS MATTER having come before the Court on Petitioners' Motion for Summary

Judgment, and the Court having considered the following:

    1.    Petitioners' Motion for Summary Judgment;

    2.    Declaration of Paul Tappel in Support of Petitioners' Motion for Summary

Judgment, with exhibits thereto;

    3.    Declaration of Alan Schuchman in Support of Petitioners' Motion for Summary

Judgment, with exhibits thereto;

ORDER GRANTING PETITIONERS' MOTION FOR
SUMMARY JUDGMENT - 1

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA  98104
office 206 587 0700 fax: 206 587 2308

{04200903.DOCX;5 }

4.    Respondents' Response in Opposition to Petitioners' Motion for Summary Judgment;

5.    Petitioners' Reply in Support of Their Motion for Summary Judgment;

6.    Declaration of Alan Schuchman in Support of Petitioners' Reply in Support of Their Motion for Summary Judgment, with the exhibit thereto;

7.    Respondents' Motion for Summary Judgment, with appendices thereto;

8.    Petitioners' Opposition to Respondents' Motion for Summary Judgment;

9.    Respondents' Reply in Support of their Motion for Summary Judgment;

10.    Declaration of I. Vandewege in Support of Respondents' Reply in Support of Motion for Summary Judgment;

11.    Declaration of S. Nicholson in Support of Respondents' Reply in Support of Motion for Summary Judgment;

12.    Petitioners' Surreply and Motion to Strike Respondents' Reply in Support of Motion for Summary Judgment and Related Declarations in Whole or Part;

13.    Respondents' Amended Reply in Support of Respondents' Motion for Summary Judgment;

14.    Respondents' Response to Petitioners' Surreply and Motion to Strike;

15.    Petitioners' Supplemental Brief in Support of Motion for Summary Judgment;

16.    Respondents' Supplemental Briefing on Statutory Immunity under RCW 18.235.190;

17.    Petitioners' Response to Respondents' Supplemental Briefing on Statutory Immunity under RCW 18.235.190;

18.    Respondents' Response to Petitioners' Supplemental Brief in Support of Motion for Summary Judgment;

19.    The pleadings filed in this action;

20.    The files and records herein; and

ORDER GRANTING PETITIONERS' MOTION FOR
SUMMARY JUDGMENT - 2

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
office 206 587 0700 fax: 206 587 2308

{04200903.DOCX;5 }

21.     Oral argument by all parties.

## I.      FINDINGS OF FACT & CONCLUSIONS OF LAW

The Court, being fully advised, and based on the undisputed material facts submitted, hereby enters the following Findings of Fact and Conclusions of Law:

1.      Petitioners sought declaratory and injunctive relief against Respondents Board of Professional Engineers & Land Surveyors (the "Board"), the Attorney General, and the State of Washington. (Petitioners no longer seek relief against Respondent Governor Jay Inslee.) Specifically, Petitioners brought claims under common law, the Uniform Declaratory Judgment Act ("UDJA"), and/or the Administrative Procedures Act ("APA") for declaratory and injunctive relief against the Board and the State of Washington. Petitioners sought declaratory relief against the Attorney General under common law and the UDJA.

2.      As a licensed professional engineer, Petitioners Paul Tappel and his engineering firm Fisheries Engineers, Inc. have a recognized interest in ensuring that others in their profession abide by the same rules and requirements. *See Day v. Inland Empire Optical, Inc.*, 76 Wn.2d 407, 416–17 (1969). Petitioners fall within the zone of interest contemplated by Chapter 18.43 RCW (the "Act") which governs their profession. Petitioners have also sustained an injury-in-fact as a result of Respondents' undisputed actions as set forth herein. Accordingly, this Court finds that Petitioners have standing under common law, the APA, and the UDJA to bring this challenge against the Board and the State of Washington, and Petitioners have standing under common law and the UDJA to bring this challenge against the Attorney General.

3.      RCW 18.235.190 does not confer immunity upon the Board, or any of the other Respondents, in this dispute. Per its plain terms, RCW 18.235.190 provides immunity to individual board members related to disciplinary actions and other officials acts; it does not apply to the Board, the State of Washington, or Attorney General for this type of challenge under the common law, APA, and UDJA.

ORDER GRANTING PETITIONERS' MOTION FOR
SUMMARY JUDGMENT - 3

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
office 206 587 0700 fax 206 587 2308

{04200903.DOCX;5 }

1    4.    RCW Chapter 18.43 (the "Act") sets forth the law upon which the qualifications,

2    testing, licensure, and regulation of professional engineers and land surveyors in the State is based.

3    5.    The Act delegates authority to the Board and Attorney General of Washington (the

4    "Attorney General") to interpret and enforce the Act.

5    6.    The Act provides in relevant part that "In order to safeguard life, health, and

6    property, and to promote the public welfare . . . it shall be unlawful for any person . . . to use in

7    connection with his or her name or otherwise assume, use, or advertise any title or description

8    tending to convey the impression that he or she is a professional engineer or a land surveyor, unless

9    such person has been duly registered under the provisions of this act." RCW 18.43.010.

10    7.    The Act also defines the Practice of Engineering as including representing "himself

11    or herself to be a professional engineer, or through the use of some other title implies that he or

12    she is a professional engineer." RCW 18.43.020 (8)(b).  Unlicensed individuals are not permitted

13    under the Act to engage in the Practice of Engineering as defined.  RCW 18.43.010 and .120.

14    8.    The Act also defines the term "engineer" to mean a "professional engineer" as

15    thereinafter defined by the Act. RCW 18.43.020(3). The terms "professional engineer" and

16    "engineer" are used interchangeably in the Act itself, in other legislation, in the Washington

17    Administrative Code, and by the Respondents and advertisements with the public.

18    9.    Accordingly, per the plain language of the statute, it is unlawful for an unlicensed

19    person to use the title "Engineer" when doing so "tend[s] to convey the impression" or "implies"

20    that he or she is a professional engineer. *See* RCW 18.43.010, .020.

21    10.    While the use of the title "Engineer" may not tend to convey the impression of

22    licensure in every context, this Court finds that the use of the title "Engineer," or any variation

23    thereof, necessarily tends to convey the impression of licensure when it is used by someone who

24    either engages in the practice of engineering (as it is defined under RCW 18.43.020(8)(a)), or who

25    works within an agency, organization, or business that engages in or offers engineering services

26    and is not a registered professional engineer. Under those circumstances, there is no meaningful

ORDER GRANTING PETITIONERS' MOTION FOR
SUMMARY JUDGMENT - 4

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
office 206 587 0700 fax 206 587 2308

{04200903.DOCX;5 }

1 | way to distinguish between the licensed engineers and the unlicensed individuals who work under
2 | them, if both are permitted to use the professional title "Engineer."

3 |      11.    The Court finds that at one point both the Board and Attorney General properly
4 | interpreted the Act.

5 |      12.    The Court finds that the Board's and Attorney General's current adopted
6 | interpretation and enforcement policy violates the Act.

7 |      13.    The Court further finds that Respondent State of Washington has violated the Act
8 | by advertising and providing Engineer titles to its employees who are not duly licensed under the
9 | Act.

## II.     ORDER & JUDGMENT

11 |     It is, therefore, ORDERED, ADJUDGED AND DECREED that:

12 |     1.    Respondents' Motion for Summary Judgment is DENIED.

13 |     2.    Petitioners' Motion for Summary Judgment is GRANTED as follows:

14 |         a.    Respondents' affirmative defenses, asserted on the grounds of mootness,
15 | standing, common law immunity and/or immunity under RCW 18.235.190, and lack of jurisdiction
16 | under the APA, are hereby DISMISSED with prejudice;

17 |         b.    Declaratory Judgment is hereby entered against Respondents Board of
18 | Professional Engineers and Land Surveyors and the Attorney General of Washington, adjudging
19 | that: (i) the Board's and Attorney General's enforcement policy and de facto rule regarding the
20 | unlicensed use of the title "Engineer" is unlawful and inconsistent with the plain text of the Act,
21 | and (ii) that the use of the title "Engineer," or any variation thereof, is unlawful when used by
22 | someone who engages in the practice of engineering (as it is defined under RCW 18.43.020(8)(a)
23 | or who works within an agency, organization, or business that engages in or offers engineering
24 | services if that person is not a registered professional engineer, because under such circumstances,
25 | the title necessarily tends to convey the impression of licensure, which is prohibited under the Act;
26 | and

ORDER GRANTING PETITIONERS' MOTION FOR
SUMMARY JUDGMENT - 5

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
office 206 587 0700 fax 206 587 2308

{04200903.DOCX;5 }

c.      Judgment for Injunctive Relief is hereby entered against the State of Washington, enjoining the State from allowing its employees to use the title "Engineer" in a manner that violates the Act's requirements as set forth herein.

3.      Petitioners shall submit a separate post-judgment motion related to their entitlement to costs under RCW 7.24.100 within 30 days of this Order and Judgment.

4.      This matter is otherwise hereby CLOSED, and all remaining trial dates shall be stricken.

ORDERED this ___29th___ day of ___September___, 2021.

_____
HONORABLE SHARONDA D. AMAMILO

Prepared and Presented By:

CAIRNCROSS & HEMPELMANN, P.S.

_____
Alan D. Schuchman, WSBA No. 45979
E-mail: aschuchman@cairncross.com
Rochelle Y. Doyea, WSBA No. 48175
E-mail: rdoyea@cairncross.com
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Telephone: (206) 587-0700
Facsimile: (206) 587-2308
Attorneys for Petitioners Fisheries Engineers,
Inc. and Paul Tappel

ORDER GRANTING PETITIONERS' MOTION FOR
SUMMARY JUDGMENT - 6

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
office 206 587 0700 fax: 206 587 2308

{04200903.DOCX;5 }

# EXHIBIT 5

# PETITION FOR IMPEACHMENT INQUIRY

SUBMITTED TO

## HOUSE OF REPRESENTATIVES

OF THE

## STATE OF WASHINGTON

## 2024

———

AGAINST

# BOB FERGUSON

## Attorney General of the State of Washington

———

Submitted By

Cody R. Hart
901 Metcalf Street #71
Sedro Woolley, WA [98284]

## IN THE HOUSE OF REPRESENTATIVES

Cody R. Hart, one of We the People, and an Elector of the State of Washington, pursuant to Constitution of The State of Washington Article I Section 3, invokes the right to petition the Washington State House of Representatives for the following resolution.

---

# RESOLUTION

Directing certain committees to initiate investigations into Bob Ferguson, Attorney General of the State of Washington, inquiring into whether sufficient grounds exist for the House of Representatives to exercise its Constitutional power to impeach Bob Ferguson, Attorney General of the State of Washington, for high crimes, or misdemeanors, or malfeasance in office.

*Resolved,* That Bob Ferguson, Attorney General of the State of Washington, is hereby under Impeachment Inquiry for high crimes, or misdemeanors, or malfeasance in office and that certain committees are directed to investigate the following allegation, hereinafter ARTICLE, in support thereof.

## ARTICLE I: JUDGEMENT OF MALFEASANCE IN OFFICE

The Constitution of The State of Washington provides that the House of Representatives ''shall have the sole Power of Impeachment' and that state officers ''shall be liable to impeachment for high crimes or misdemeanors, or malfeasance in office''.    Revised Code of Washington (RCW) 9.92.120 requires that A Public Officer upon conviction of malfeasance shall require ''forfeiture of his or her office,

and shall disqualify him or her from ever afterward holding any public office in this state." As explained in in *Hoflin v. City of Ocean Shores, 847 P. 2d 428 - Wash: Supreme Court 1993* "The forfeiture statute mandates forfeiture of public office if the public officer is convicted of "any felony or malfeasance in office".[79] Malfeasance generally refers to the commission of an unlawful act by a public official."

Public records support that Bob Ferguson, in his conduct as Attorney General of the State of Washington engaged in high crimes or misdemeanors, or malfeasance in office, and as a result had judgement issued against him for committing unlawful acts in the State of Washington Superior Court, as supported by the following;

On or about January 1, 2021 Attorney General Bob Ferguson, in his official capacity, was named as defendant in Thurston County Superior Court case 18-2-04658-34 for violating state law.

On or about September 29, 2021 Thurston County Superior Court Judge Sharonda D. Amamilo issued Judgement in case 18-2-04658-34 against Attorney General Bob Ferguson, in his official capacity, finding that *"Attorney General's enforcement policy and de facto rule regarding the unlicensed use of the title "Engineer" is unlawful"*.

On or about February 7, 2023 The Court of Appeals of The State of Washington Division II judged that the plaintiff in Thurston County case 18-2-04658-34, Paul Tappel, lacked standing and remanded back to the trial court for dismissal. Notably, the Court of Appeals judgement did not dispute the facts or merits of the case in the judgement against Bob Ferguson that found Bob Ferguson had acted unlawfully.

4

It is alleged the violations of law judged to have been committed by Attorney General Bob Ferguson in his official capacity resulted in a loss of public funds in excess of $100,000,000 (One Hundred Million Dollars), resulted in death and harm to United States Citizens and residents of the State of Washington, and has damaged the environment.

WHEREFORE, Bob Ferguson, as Attorney General of the State of Washington, by such conduct, warrants an Impeachment Inquiry, trial and removal from office, and disqualification from ever afterward holding any public office in this state.

---

## CONCLUSION

For the foregoing reasons, Cody R. Hart respectfully submits this Petition for Impeachment Inquiry for House of Representatives Consideration.

Dated the 23rd day of July, 2024

Cody R. Hart
901 Metcalf St #71
Sedro Woolley, WA [98284]
info@codyhart.org

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, et al.,<br><br>                    Plaintiffs,<br><br>    v.<br><br>NATIONAL INSTITUTES OF HEALTH, et al.,<br><br>                    Defendants. | CASE NO: 1:25-cv-10338-AK<br><br>**[PROPOSED] ORDER GRANTING MOTION OF the people Cody R. Hart AND Derrill J. Fussell FOR LEAVE TO FILE A BRIEF AS AMICI CURIAE** |

Before the Court is the motion of the people Cody R. Hart and Derrill J. Fussell for leave to file abrief as amicus curiae in opposition to Plaintiff State of Washington Assistant Attorneys General Appearance and Motioning in this case. Good cause appearing therefore, the motion is GRANTED.

Dated this _____ day of _____, 2025

_____
UNITED STATES DISTRICT JUDGE

1